UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>00-6316-CR-FERGUSON(s)</u>
21 USC 841(a)(1)
21 USC 846

UNITED STATES OF AMERICA,      )
                                )
            Plaintiff,          )
                                )
v.                              )
                                )
                                )
GARY BRENT CARLISLE and         )
ANGEL CONTRERAS,                )
                                )
            Defendants.         )
_____)



FILED by ___ D.C.
INTAKE
JAN 11 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD

<u>SUPERSEDING INDICTMENT</u>

The Grand Jury charges that:

<u>COUNT I</u>

On or about October 19, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

GARY BRENT CARLISLE and,
ANGEL CONTRERAS,

did knowingly and intentionally combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury, to distribute a Schedule II controlled substance, that is, at least fifty (50) grams of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United



45

States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

COUNT II

On or about October 19, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

GARY BRENT CARLISLE and,
ANGEL CONTRERAS,

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, at least fifty (50) grams of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA        CASE NO. 00-6316-CR-ZLOCH(s)

v.

GARY BRENT CARLISLE, et al.     **CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information**:
New Defendant(s)         Yes _x_   No ___
Number of New Defendants     _1_
Total number of counts       _2_

**Court Division**: (Select One)

___ Miami  ___ Key West
_X_ FTL    ___ WPB  ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:        (Yes or No) _NO_
   List language and/or dialect  _English_

4. This case will take _2_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                           (Check only one)

| | | | | |
|---|---|---|---|---|
| I   | 0 to 5 days    | _X_ | Petty   | |
| II  | 6 to 10 days   |     | Minor   | |
| III | 11 to 20 days  |     | Misdem. | |
| IV  | 21 to 60 days  |     | Felony  | _X_ |
| V   | 61 days and over |   |         | |

6. Has this case been previously filed in this District Court? (Yes or No) _Yes_  No

If yes:
Judge: _Zloch_                   Case No. _00-6316_
(Attach copy of dispositive order)

Has a complaint been filed in this matter?(Yes or No) _Yes_
If yes:
Magistrate Case No.  _00-4304-BSS_
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _11/15/00 (Carlisle) and 12/29/00 (Contreras)_
Defendant(s) in state custody as of _____
Rule 20 from the _____        District of _____

Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? __ Yes _X_ No If yes, was it pending in the Central Region? __ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? __ Yes _X_ No

TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY
COURT I.D. No. A500063

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name: GARY BRENT CARLISLE          No.: 00-6316-CR-ZLOCH(s)

Count # 1:
Conspiracy to distribute a Scheule II controlled substance; in violation of U.S.C. § 846

*Max Penalty: Life imprisonment and a $4,000,00 fine. Ten year mandatory minimum sentence

Count # 2:
Possession with intent to distribute a Schedule II controlled substance; in violation of 21 U.S.C. § 841(a)(1)

*Max Penalty: Life imprisonment and a $4,000,000 fine. Ten year mandatory minimum sentence

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count # :

*Max Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

REV 12/12/96

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name: ANGEL CONTRERAS          No.: 00-6316-CR-ZLOCH(s)

Count # 1:
Conspiracy to distribute a Scheule II controlled substance; in violation of U.S.C. § 846

*Max Penalty: Life imprisonment and a $4,000,00 fine. Ten year mandatory minimum sentence

Count # 2:
Possession with intent to distribute a Schedule II controlled substance; in violation of 21 U.S.C. § 841(a)(1)

*Max Penalty: Life imprisonment and a $4,000,000 fine. Ten year mandatory minimum sentence

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count # :

*Max Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

REV. 12/12/96

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER FLS 01 1880 |
|---|---|---|---|
| FLS | Contreras, Angel | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 0:00-004304-001 | | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| United States v. Contreras (BSS) | Felony | Adult Defendant | Criminal Case |

11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 846=CD F – CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE

12. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix)
AND MAILING ADDRESS
KAUFMAN, ALLEN S.
2900 N DIXIE HWY
STE 201
OAKLAND PARK FL 33334

Telephone Number: (954) 563-6624

14. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions)
ALLEN S. KAUFMAN, P.A.
2900 N DIXIE HWY
STE 201
OAKLAND PARK FL 33334

13. COURT ORDER
☒ O Appointing Counsel ☐ C Co-Counsel
☐ F Subs For Federal Defender ☐ R Subs For Retained Attorney
☐ P Subs For Panel Attorney ☐ Y Standby Counsel

Prior Attorney's Name:
Appointment Date:
☐ Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case,
or
☐ Other (See Instructions)

Signature of Presiding Judicial Officer or By Order of the Court
Date of Order   1-5-01 Nunc Pro Tunc Date
Repayment or partial repayment ordered from the person represented for this service at time of appointment. ☐ YES ☐ NO

| CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| 15. a. Arraignment and/or Plea | | | | | |
| b. Bail and Detention Hearings | | | | | |
| c. Motion Hearings | | | | | |
| In Court d. Trial | | | | | |
| e. Sentencing Hearings | | | | | |
| f. Revocation Hearings | | | | | |
| g. Appeals Court | | | | | |
| h. Other (Specify on additional sheets) | | | | | |
| | | | | | |
| 16. a. Interviews and Conferences | | | | | |
| Out of Court b. Obtaining and reviewing records | | | | | |
| c. Legal research and brief writing | | | | | |
| d. Travel time | | | | | |
| e. Investigative and Other work (Specify on additional sheets) | | | | | |
| | | | | | |
| 17. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
| 18. Other Expenses (other than expert, transcripts, etc.) | | | | | |

| 19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE FROM ___ TO ___ | 20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 21. CASE DISPOSITION |
|---|---|---|

22. CLAIM STATUS ☐ Final Payment ☐ Interim Payment Number ___ ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? ☐ YES ☐ NO If yes, were you paid? ☐ YES ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation? ☐ YES ☐ NO If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney: ___ Date: ___

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR/CERT |
|---|---|---|---|---|
| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | | DATE | 28a. JUDGE / MAG. JUDGE CODE |
| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | | | DATE | 34a. JUDGE CODE |

FILED by ___ D.C.
JAN 8 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. FL. FT. LAUD.

cr-06316-WDF    Document 45    Entered on FLSD Docket 01/12/2001    P

# COURT MINUTES

## U.S. MAGISTRATE JUDGE LURANA S. SNOW - FORT LAUDERDALE, FLORIDA

DEFT: ANGEL CONTRERAS (J)  CASE NO: 00-4304-BSS
AUSA: TERRY THOMPSON  *pres*  ATTY: ALLEN KAUFMAN, ESQ.  *pres*
AGENT: ___  VIOL: ___
PROCEEDING: PTD HEARING  RECOMMENDED BOND: ___
BOND HEARING HELD - yes / no  COUNSEL APPOINTED: ___
BOND SET @: *100,000 CSB w/ Nebbia*  To be cosigned by: ___

- ☐ Do not violate any law.
- ☐ Appear in court as directed.       *Gov't reserves the*
- ☐ Surrender and / or do not obtain passports / travel documents.     *right to request*
- ☐ Rpt to PTS as directed / or ____ x's a week/month by phone: ____ x's a week/month in person.     *PTD should deft*
- ☐ Random urine testing by Pretrial Services. ____ Treatment as deemed necessary.     *seek to post or*
- ☐ Maintain or seek full - time employment.     *reduce the bond.*
- ☐ No contact with victims / witnesses.
- ☐ No firearms.
- ☐ Curfew: ____
- ☐ Travel extended to: ____
- ☐ Halfway House ____

**NEXT COURT APPEARANCE:**   DATE:   TIME:   JUDGE:   PLACE:
INQUIRY RE COUNSEL: ____
PTD/BOND HEARING: ____
PRELIM/ARRAIGN. OR REMOVAL: ____
STATUS CONFERENCE: ____

DATE: 1/8/01    TIME: 11:00    FTL/LSS TAPE # 01- *002*    Begin: *1824*    End: *1894*



## COURT MINUTES

### U.S. MAGISTRATE JUDGE LURANA S. SNOW - FORT LAUDERDALE, FLORIDA

| | | | |
|---|---|---|---|
| DEFT: | ANGEL CONTRERAS (J) #66791-004 | CASE NO: | 00-4304-BSS |
| AUSA: | TERRY THOMPSON / Nicholson | ATTY: | Allen Kaufman |
| AGENT: | DEA - TROY MIHOK | VIOL: | 21:841(a)(1); 846 |
| PROCEEDING: | INQUIRY RE COUNSEL/ PTD HEARING | RECOMMENDED BOND: | PTD |

BOND HEARING HELD - yes / no        COUNSEL APPOINTED: _____

BOND SET @: _____        To be cosigned by: _____

- ☐ Do not violate any law.
- ☐ Appear in court as directed.
- ☐ Surrender and / or do not obtain passports / travel documents.
- ☐ Rpt to PTS as directed / or _____ x's a week/month by phone: _____ x's a week/month in person.
- ☐ Random urine testing by Pretrial Services. _____ Treatment as deemed necessary.
- ☐ Maintain or seek full - time employment.
- ☐ No contact with victims / witnesses.
- ☐ No firearms.
- ☐ Curfew: _____
- ☐ Travel extended to: _____
- ☐ Halfway House _____

Deft sworn for Counsel

CJA to be appt'd

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: | | | | |
| PTD/BOND HEARING: | 1-8 | 11 | Snow | |
| PRELIM/ARRAIGN. OR REMOVAL: | | | | |
| STATUS CONFERENCE: | | | | |

DATE: 1/5/01   TIME: 11:00   FTL/LSS TAPE # 01- 002   Begin: 779   End: 891



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-4304-SELTZER

UNITED STATES OF AMERICA,

vs.

ANGEL CONTRERAS



FILED by ____ D.C.
JAN 3 2001
CLARENCE MADDOX

This cause came before the Court and pursuant to proceedings held, it is thereupon

**ORDERED AND ADJUDGED** as follows:

PURSUANT TO THE ARREST OF THE ABOVE NAMED DEFENDANT, THIS CASE IS HEREBY UNSEALED.

**DONE AND ORDERED** at Miami, Florida this __2ND__ day of __JANUARY__, 2001.

TAPE NO: 01B- 1-746

_____
UNITED STATES MAGISTRATE JUDGE
TED E. BANDSTRA

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal
formblan.kor



koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO._____00-4304-SELTZER_____

UNITED STATES OF AMERICA

**ORDER ON INITIAL APPEARANCE**

              Plaintiff,

Language ENGLISH
Tape No. 01B-1 - 746
AUSA J. Lov
Agent DEA - MIHOK
(954) 489-1880

v.

FILED by D.C.
JAN 3 2001
CLARENCE ...
[illegible stamp]

ANGEL CONTRERAS
              Defendant.

DOB: 11-29-78

_____/

    The above-named defendant having been arrested on __12-29-00__ having appeared before the court for initial appearance on _____1-2-01_____ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
    **ORDERED** as follows:
1. _____ appeared as permanent/temporary counsel of record.
Address:_____
Zip Code: _____ Telephone: _____
2. _____ appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____ IN Fort Lauderdale  1-5_____, 2000.
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am  1-16_____, 2000.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____ RISK oF FLight_____ Fort Lauderdale
A detention hearing, pursuant to 18 U.S.C. Section 3142(f) is set for 10am  1-5, 2000.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;

    other: _____
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
    substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.



__ANGEL CONTRERAS__

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____

This bond was set: At Arrest _____
               On Warrant _____
               After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___

_____
_____

____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and  revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond  itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this  2nd___ day of  JANUARY  2001 .

**UNITED STATES MAGISTRATE JUDGE**
**TED E. BANDSTRA**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

UNITED STATES DISTRICT COURT
Southern District of Florida

UNITED STATES OF AMERICA ) Case Number: CR_____
Plaintiff )
) REPORT COMMENCING CRIMINAL
-vs- ) ACTION
)
CONTRERAS, ANGEL ROBERTO ) 66791-004
Defendant

FILED by ___ D.C.
JAN 3 2001
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

TO: Clerk's Office    MIAMI    (FT. LAUDERDALE)    W. PALM BEACH
    U.S. District Court            (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
      MAGISTRATES COURT ABOVE

All items are to be completed. Information not applicable or unknown will be indicated "N/A".

(1) Date and Time of Arrest: 12-29-00 / 1000 am/**pm**

(2) Languge Spoken: ENGLISH

(3) Offense(s) Charged: 21 USC 846 / 841 /(A1)

(4) U.S. Citizen [ ] Yes [✓] No [ ] Unknown

(5) Date of Birth: 11 29 78

(6) Type of Charging Document: (check one)
    [ ] Indictment [✓] Complaint  To be filed/Already filed
    Case# 00 4304 - BSS

    [ ] Bench Warrant for Failure to Appear
    [ ] Probation Violation Warrant
    [ ] Parole Violation Warrant

    Originating District: SOUTHERN DISTRICT OF FL.

    COPY OF WARRANT LEFT WITH BOOKING OFFICER [✓] YES [ ] NO

Amount of Bond: $ PTD Request
Who set Bond: _____

(7) Remarks: _____

(8) Date: 12/29/00   (9) Arresting Officer: S/A Mihok

(10) Agency: DEA    (11) Phone: (954) 485-1280

(12) Comments: _____



## *United States District Court*

| SOUTHERN | DISTRICT OF | FLORIDA | 530774 |

UNITED STATES OF AMERICA

V.

ANGEL CONTRERAS

# WARRANT FOR ARREST

CASE NUMBER: 01-304-BSS

FILED by D.C.
JAN 3 2001
CLARENCE MADDOX

TO: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **ANGEL CONTRERAS**

Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

| |Indictment |   | Information  | X | Complaint |   | Order of court |   | Violation Notice |   | Probation Violation Petition

charging him or her with (brief description of offense)
CONSPIRE TO POSSESS WITH INTENT TO DISTRIBUTE METHAMPHETAMINE

in violation of Title 21 United States Code, Section(s) **841(a)(1) and 846**

**BARRY S. SELTZER**
Name of Issuing Officer

**UNITED STATES MAGISTRATE JUDGE**
Title of Issuing Officer

Issuing Officer

12/21/00 at Fort Lauderdale, Florida
Date and Location

Bail fixed at **PRETRIAL DETENTION**

by **MAGISTRATE JUDGE** BARRY S. SELTZER
Name of Judicial Officer

### RETURN

This warrant was received and executed with the arrest of the above named defendant at _____

Miami, FL

| DATE RECEIVED 12/21/00 | NAME AND TITLE OF ARRESTING OFFICER James A. Tassone, U.S. Marshal Southern District of Florida | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST 12/22/00 | | Edward Purchase, SDUSM |

AO 442 (Rev. 12/85) Warrant for Arrest



# *United States District Court*

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.

ANGEL CONTRERAS

## WARRANT FOR ARREST

CASE NUMBER: CO-4304-BSS

TO: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest__ANGEL CONTRERAS__

and bring him or her forthwith to the nearest magistrate to answer a(n)

| |Indictment | |Information |X|Complaint | |Order of court | |Violation Notice | |Probation Violation Petition

charging him or her with (brief description of offense)
CONSPIRE TO POSSESS WITH INTENT TO DISTRIBUTE METHAMPHETAMINE

in violation of Title _21_ United States Code, Section(s) __841(a)(1) and 846__

__BARRY S. SELTZER__ __UNITED STATES MAGISTRATE JUDGE__
Name of Issuing Officer Title of Issuing Officer

Issuing Officer

12/21/00 at Fort Lauderdale, Florida
Date and Location

Bail fixed at __PRETRIAL DETENTION__ by __MAGISTRATE JUDGE__ BARRY S. SELTZER
Name of Judicial Officer

| **RETURN** |
|---|
| This warrant was received and executed with the arrest of the above named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

AO 442 (Rev. 12/85) Warrant for Arrest



# United States District Court

SOUTHERN **DISTRICT OF** FLORIDA

FILED by _____ D.C.
DEC 21 2000
CLARENCE MADDOX
CLERK U.S. DIST.
S.D. OF FLA. FT. LAUD

UNITED STATES OF AMERICA

V.

ANGEL CONTRERAS

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4304-BSS

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about <u>October 19, 2000</u>, in <u>Broward</u> county, in the <u>Southern</u> District of <u>Florida</u> defendant(s) did, (Track Statutory Language of Offense)

Conspire to possess with intent to distribute methamphetamine.

in violation of Title <u>21</u> United States Code, Section(s) <u>841(a)(1) and 846</u>

I further state that I am a(n) <u>Special Agent</u> and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

Signature of Complainant
Troy Mihok, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

December 21, 2000   at   Ft. Lauderdale, Florida
Date                     City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT

I, Troy Mihok, being duly sworn do hereby depose and state:

1. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for the past four and one half years. Prior to my employment with DEA, I was employed as a private investigator for two years. My responsibilities include the investigation of violations of federal narcotics statutes. I have received extensive training in proper investigative techniques relating to narcotics offenses. The information contained in this affidavit summarizes, but does not detail every fact, of information which is known to your affiant regarding this case.

2. On October 19, 2000, the Fort Lauderdale Police Department (FLPD) received information that a Federal Express package had arrived at the Pineapple Point Guest House, 315 NE 16th Terrace, Fort Lauderdale, Florida. Police were also advised that the package appeared to contain narcotics. FLPD Detectives responded to the Pineapple Point Guest House where employees directed them to a Federal Express package that had been opened by an employee and appeared to contain illegal narcotics. A field test of a white crystalline substance in the package indicated that the substance was crystal methamphetamine. The package was addressed to "Brittany Sibille," at Pineapple Point.

3. While police were still at Pineapple Point, an individual telephoned the business and asked if a package had arrived for him. A Pineapple Point employee recognized the caller's voice as that of Jeffrey Sibille. After being advised that there was a package, Sibille said he was on his way to pick it up. A short time later, Sibille, accompanied by Gary Carlisle and Angel Contreras, arrived at Pineapple Point and entered the business. Sibille, took possession of the Federal Express package and complained that it had been opened. As Sibille started to leave the

business with the package, he saw a FLPD

Detective. Sibille then threw the package into some bushes and went back into the business.

    4. Carlisle then told police that he did not have anything to do with the methamphetamine in the package. Contreras claimed that he had just been picked up by Sibille and Carlisle at the Miami airport. Contreras claimed that he was flying to San Francisco that day but could not provide information relating to the time or number of the flight. Also Contreras did not have airline tickets.

    5. On October 19, 2000, Sibille and Carlisle were arrested. Contreras was released pending further investigation. The substance from the Federal Express package was analyzed by the DEA Southast Regional Laboratory. The forensic analysis determined that substance to be methamphetamine with a net weight of 219.8 grams.

    6. On December 14, 2000, Jeffrey Sibille advised the FLPD and DEA that the package seized on October 19, 2000, of approximately eight ounces of crystal methamphetamine, was the second package that he had received at Pineapple Point during the week of October 15, 2000. Sibille stated that the first package had also contained approximately eight ounces of crystal methamphetamine. Sibille further stated that he had provided the crystal methamphetamine to Contreras who had agreed to pay $1,950.00 per ounce for the drug. Sibille stated that Conrtreras had sold approximately half of the crystal methamphetamine at the time the second package arrived. Sibille stated that Contreras said that the remaining approximately four ounces of crystal methamphetamine was being stored at Contreras' apartment in Miami, Beach, Florida. According to Sibille, Contreras was worried about the remaining four ounces of methamphetamine in his apartment. Sibille stated that an individual from Northwest Miami assisted Contreras in removing the remaining methamphetamine from Contrearas' apartment.

7. Sibille stated that the package of methamphetamine, that was seized by police on October 19, 2000, was also going to be sold to Contreras. Sibille advised police that Carlisle worked for Contreras distributing narcotics.

FURTHER AFFIANT SAYETH NAUGHT.

S/A TROY MIHOK
DRUG ENFORCEMENT ADMINISTRATION

Signed and sworn to before me
this 11 day of December, 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MISC. NO. 00-4304-BSS

IN RE MOTION TO SEAL COMPLAINT,
AFFIDAVIT AND ARREST WARRANT
_____/

### ORDER TO SEAL

THIS CAUSE came before the court upon the Government's Motion to Seal. The Court being fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that the Government's Motion to Seal is hereby granted, and the Clerk of the Court shall seal the Complaint, Arrest Warrant, Bond Recommendation Sheet, the Motion to Seal and this Order to Seal, with the exception of copies of the Warrant for Arrest to be provided to the United States Marshals Service and the Drug Enforcement Administration relative to the above-captioned matter, until such time as the defendant is arrested or until further order of the Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 21st day of September, 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

copy furnished:
Terrence J. Thompson, AUSA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 00-4304-BSS

IN RE MOTION TO SEAL COMPLAINT,
AFFIDAVIT AND ARREST WARRANT
_____/



### MOTION TO SEAL

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and moves this Court to seal, the Complaint, Arrest Warrant, Bond Recommendation Sheet, this Motion to Seal and Order to Seal, with the exception of copies of the Warrant for Arrest to be provided to the United States Marshals Service and Drug Enforcement Administration relative to the above-captioned matter, until such time as the defendant is arrested or until further order of the Court. As grounds for the motion, the Government states that it believes that the defendant may flee if the defendant becomes aware of complaint and accompanying warrant for arrest.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500063
500 East Broward Boulevard, Seventh Floor
Fort Lauderdale, Florida 33394
Tel:   (954) 356-7255, ext. 3516
Fax:  (954) 356-7336

