UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6316-CR-FERGUSON

MAGISTRATE JUDGE SNOW

UNITED STATES OF AMERICA, :

    Plaintiff, :

v. :

GARY BRENT CARLISLE, :

    Defendant. :
_____/

# SENTENCING MEMORANDUM

Gary Brent Carlisle ("Carlisle"), through counsel, respectfully submits the following memorandum of law in support of his objection to the Presentence Investigation Report prepared in this case. The defendant hereby proffers the "offense conduct", as stated in paragraphs 3-11 of his PSI, and his cooperation as his testimony in support of the reductions requested.

### MITIGATING ROLE

The defendant respectfully requests an adjustment to the base offense level for his mitigating role in the offense pursuant to U.S.S.G. § 3B1.2. Section 3B1.2 provides as follows:

Based on the defendant's role in the offense, decrease the offense level as follows:

    (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

    (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.



The defendant requests that the Court reduce the offense level by two or three levels because he was a minor participant in the offense. Additionally, the plea agreement (paragraph 5) states that

> "the United States will not oppose a request by the defendant for a two (2) point reduction in offense level, pursuant to Section 3B1.2 of the Federal Sentencing Guidelines, based upon the defendant's role in the offense."

Significantly, other people participated in the subject offense. The Sentencing Guidelines define "participants" in an offense as a more expansive group than individuals caught and charged by the federal authorities:

> A "participant" is a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (e.g. an undercover law enforcement officer) is not a participant.

U.S.S.G. § 3B1.1, comment (n.1). In essence, the Guidelines require the trial court to consider all the criminally culpable participants in the criminal scheme, even those who were not caught. As the Eleventh Circuit has stressed, a trial court must look to all the *relevant conduct* of the necessary participants in the underlying scheme, not simply the elements in the indictment. *United States v. Costales*, 5 F.3d 480, 484 (11th Cir. 1993) (emphasis added). The Guidelines specifically direct courts to make individual determinations in each case, and the trial court must consider the defendant's conduct in relationship to the participants involved in the criminal activity. *See* U.S.S.G. Ch. 3, Part B, Introductory Commentary; U.S.S.G. § 1B1.3.

Clearly, Carlisle was not the leader of this group and thus a minor participant in the offense. Importantly, he lacked knowledge or understanding of the scope and structure of the enterprise and of the activities of others. Application Note 3 of § 3B1.2 provides that a ". . . minor participant

means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, Application Note 3. The key to the inquiry is relative culpability: was the defendant less culpable than most other participants? The Court must consider the culpability of all persons involved in the offense, including the person who recruited and provided the cocaine for transport, the source of the drugs, and the destination of the drugs. There were several participants in this offense and most, if not all, of them were more culpable than the defendant. Based on a comparison of the defendant's culpability to that of other participants, he was less culpable than most other participants in the offense. Consequently, at a minimum, a two level reduction under § 3B1.2 is warranted. *Cf. United States v. Valise*, 83 F.3d 380, 381-82 (11th Cir. 1996) (noting that "the act of transporting illegal drugs, in and of itself, cannot, as a matter of law, preclude a defendant from receiving a downward adjustment based on his role in the offense.").

For the above reasons, Gary Brent Carlisle hereby requests a two level downward departure from his offense level for his minor role in the offense.

       Respectfully submitted,

       KATHLEEN M. WILLIAMS
       FEDERAL PUBLIC DEFENDER

By: *[signature]*
    Samuel J. Smargon
    Assistant Federal Public Defender
    Florida Bar No. 150230
    101 N.E. 3rd Avenue
    Suite 202
    Fort Lauderdale, Florida 33301
    (954) 356-7436
    (954) 356-7556 (fax)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this __1__ day of March, 2001 to Dana Washington, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301 and to Orlando Burgos, United States Probation Office, 299 E. Broward Blvd., Ft. Lauderdale, Florida 33301-1865.

Samuel J. Smargon

S:\SMARGON\Carlisle\Depart 01.wpd

4